UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT HORVATH, LORI PARK-GIANFRANCISCO, THERESA L. PORTELL, FRANK G. PANTALEO, PATRICIA PANTALEO, RICHARD RUTKOWSKI, PHYLLIS RUTKOWSKI, SHARON GIAMMANCO, SALVATORE GIAMMANCO, and on behalf of the class members described below, | |
| Plaintiffs, | Case No. 18-cv-5414 |
| v. | District Judge John J. Tharp, Jr. |
| NADIM KHALIL ZAYED a/k/a DEAN ZAYED, BROOKSTONE CAPITAL MANAGEMENT, LLC, and KAIZEN ADVISORY, LLC, | Magistrate Judge Jeffery T. Gilbert |
| Defendants. | |

**DEFENDANTS' JOINT MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO THE SECURITIES LITIGATION UNIFORM STANDARDS ACT**

Defendants Nadim Khalil "Dean" Zayed, Brookstone Capital Management, LLC and Kaizen Advisory, LLC (collectively, "Defendants"), by their attorneys, respectfully move the Court to dismiss the Complaint of Plaintiffs Robert Horvath, Lori Park-Gianfranciso, Theresa L. Portell, Frank G. Pantaleo, Patricia Pantaleo, Richard Rutkowski, Phyllis Rutkowski, Sharon Giammanco and Salvatore Giammanco (collectively, "Plaintiffs") on the ground that it is precluded by the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), 15 U.S.C. §§ 77p and 78bb, and therefore must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. In support of their Joint Motion, Defendants state as follows:

1. On July 10, 2018, Plaintiffs filed a putative class action complaint (the

"Complaint") in the Circuit Court for the Eighteenth Judicial Circuit, DuPage County, Illinois, Case No. 2018 L 000784. On August 9, 2018, Defendants timely removed that action to this Court pursuant to SLUSA.

2. The Complaint in this action alleges that Plaintiffs and the putative class owned shares in the Kaizen Hedged Premium Spreads Fund (the "Fund") which was a mutual fund series issued by Investment Managers Series Trust II, a Delaware statutory trust and open-ended investment company registered under the Investment Company Act of 1940 (the "ICA"). (Compl., attached as Ex. A to Defs.' Notice of Removal (Dkt. No. 1) at ¶¶ 52-53, 87, 102, 114, 126; *see also* Defs.' Notice of Removal (Dkt. No. 1) at Ex. B thereto, ¶ 4.) Defendant Brookstone Capital Management, LLC ("Brookstone") is alleged to be an investment advisory firm who provided investment management services to Plaintiffs and the putative class. (Compl. ¶¶ 26, 28, 117.) Defendant Kaizen Advisory, LLC ("Kaizen") is alleged to have been the investment advisor to the Fund. (*Id.* at ¶¶ 52, 56-57.) Defendant Nadim Khalil "Dean" Zayed ("Zayed") is alleged to be a Registered Investment Advisor Representative, the owner of Brookstone and Kaizen, and the "creator" of the Fund. (*Id.* at ¶¶ 36-37, 39, 41-42, 52.) Non-party ZEGA is alleged to have been the subadvisor to the Fund. (*Id.* at ¶ 57.)

3. Plaintiffs allege three counts in the Complaint, all brought under state law. Count I alleges a claim for breach of fiduciary duty against Zayed. (*Id.* at Count I.) Count II alleges a claim for breach of fiduciary duty against Brookstone. (*Id.* at Count II.) Count III alleges a claim for aiding and abetting breach of fiduciary duty against Kaizen. (*Id.* at Count III.) All three counts are based on allegations that Defendants made, or aided and abetted the making of, material misrepresentations or omissions in connection with Plaintiffs' acquisition of shares in the Fund. Plaintiffs seek to represent a nationwide class of all persons who were investment

advisory clients of Brookstone between August 1, 2015 and August, 20, 2015, were invested in the "ZEGA High-Probability Options Strategy" prior to August 3, 2015, and who held shares in the Fund as of August 20, 2015. (*Id.* at ¶ 18.)

4. The Complaint fails to state a claim upon which relief can be granted against any of the Defendants, and should be dismissed as to each Defendant, in that the claims asserted in the Complaint are precluded by SLUSA. SLUSA precludes actions meeting the following four conditions: (1) the underlying suit is a "covered class action"; (2) the action is based upon state statutory or common law; (3) the action involves a "covered security"; and (4) the plaintiff alleges "an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security," or that the defendant "used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security." 15 U.S.C. § 77p(b) and (c); 15 U.S.C. § 78bb(f)(1) and (2); *see also Holtz v. JPMorgan Chase Bank, N.A.*, 846 F.3d 928, 929 (7th Cir. 2017); *Goldberg v. Bank of America, N.A.*, 846 F.3d 913, 914 (7th Cir. 2017); *Brown v. Calamos*, 664 F.3d 123, 124 (7th Cir. 2011).

5. Each of the requirements for preclusion under SLUSA is met here.

(a) First, this case constitutes a "covered class action" within the meaning of 15 U.S.C. § 77p(f)(2)(A)(i) and 15 U.S.C. § 78bb(f)(5)(B)(i) because Plaintiffs purport to seek damages on a representative basis on behalf of themselves and other unnamed parties similarly situated and on behalf of putative class of more than 50 persons or prospective class members, and Plaintiffs allege that common questions of fact and law predominate over individualized questions. (Compl. ¶¶ 5, 17-25, 33-35, 69-70, Counts I-III; *see also* Dkt. No. 1 at Ex. B. thereto, ¶¶ 3, 5.) *See Nielen-Thomas v. Concorde Inv. Servs., LLC*, Case No. 18-cv-229-jdp, 2018 WL 3598511, at *2 (W.D. Wis. July 26, 2018).

(b) <u>Second</u>, the Complaint pleads class action claims that are "based upon" state law, specifically, common law fiduciary duty claims. 15 U.S.C. §§ 77p(b); 15 U.S.C. § 78bb(f)(1). (Compl. ¶¶ 5, 17, 20, 33-35, 88, Counts I-III.)

(c) <u>Third</u>, the Complaint pleads class action claims that involve "covered securities" within the meaning of SLUSA because the shares of the Fund were securities issued by an investment company registered under the ICA, (Compl. ¶ 53; Dkt. No. 1 at Ex. B thereto, ¶ 4), and SLUSA's definition of the term "covered security" includes mutual fund shares. 15 U.S.C. §§ 77p(f)(3), 78bb(f)(5)(E) and 15 U.S.C. § 77r(b)(2).

(d) <u>Fourth</u>, the Complaint alleges misrepresentations or omissions of material fact in connection with the purchase or sale of covered securities, *i.e.*, the shares of the Fund. More specifically, the Complaint explicitly or implicitly alleges, *inter alia*, that prior to Plaintiffs' acquisition of shares in the Fund, Defendants failed to disclose and/or misrepresented: (i) purported "conflicts of interest" involving Defendants and the Fund; (ii) that the Fund's hedging strategy Defendants "touted" "was poorly designed and ineffective" causing the Fund to be "dramatically more susceptible to the volatility experienced by the broader markets than [Brookstone] represented it to be"; and (iii) undisclosed acts of self-dealing allegedly committed by Defendants in connection with Plaintiffs' purchases of shares in the Fund. (Compl. ¶¶ 17, 33-35, 44-45, 69-70, heading E, 76-77, 84, 86-88, 94, 96, 110, 122, 132.) The Complaint further alleges that Plaintiffs and the putative class have suffered damages caused by the alleged omissions and misrepresentations "which consist of investment losses." (*Id.* at ¶¶ 114, 126.)

6. In short, the class action claims in the Complaint center on allegations of omissions and misrepresentations of material facts in connection with the purchase or sale of a covered security. Accordingly, Plaintiffs' class claims fall squarely within SLUSA's ambit and

must be dismissed. *See Holtz*, 846 F.3d at 930 ("Under SLUSA, securities claims that depend on the nondisclosure of material facts must proceed under the federal securities laws."); *Goldberg*, 846 F.3d at 916 ("[Plaintiff's] complaint alleged a material omission in connection with sweeps to mutual funds that are covered securities; no more is needed [for SLUSA preclusion].").

7. In further support of their Motion, Defendants have filed herewith a Memorandum of Law in Support of Defendants' Joint Motion to Dismiss Plaintiff's Complaint Pursuant to the Securities Litigation Uniform Standards Act.

WHEREFORE, for the reasons stated herein and in the aforementioned Memorandum of Law, Defendants respectfully request that this Court dismiss Plaintiffs' Complaint in its entirety <u>with prejudice</u>, and grant Defendants such other and further relief as the Court deems just and equitable.

Dated: August 16, 2018          NADIM KHALIL ZAYED, and
BROOKSTONE CAPITAL
MANAGEMENT, LLC


By: /s/ Steven M. Malina
        One of Their Attorneys

Steven M. Malina
Todd E. Pentecost
Symone D. Shinton
Greenberg Traurig, LLP
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
Tel: 312-456-8400
Fax: 312-456-8425
malinas@gtlaw.com
pentecostt@gtlaw.com
shintons@gtlaw.com

*Attorneys for Defendants*
*Nadim Khalil Zayed and Brookstone*
*Capital Management, LLC*

KAIZEN ADVISORY, LLC


By: /s/ Joshua Nichols
        One of Its Attorneys

Thomas P. Cimino, Jr.
Junaid A. Zubairi
Rebecca L. Dandy
Joshua Nichols
Vedder Price P.C.
222 North LaSalle Street, Suite 2600
Chicago, Illinois 60601
Tel: 312-609-7500
Fax: 312-609-5005
tcimino@vedderprice.com
jzubairi@vedderprice.com
rdandy@vedderprice.com
jnichols@vedderprice.com

*Attorneys for Defendant*
*Kaizen Advisory, LLC*

**CERTIFICATE OF SERVICE**

      The undersigned, an attorney, hereby certifies that on August 16, 2018, he caused a true and correct copy of the foregoing **Defendants' Joint Motion to Dismiss Plaintiffs' Complaint Pursuant to the Securities Litigation Uniform Standards Act** to be served electronically via the Electronic Case Filing system of the Court upon the following counsel of record:

Alexander Loftus
Ryan Moore
Stoltmann Law Offices, P.C.
233 South Wacker Drive
84th Floor
Chicago, Illinois 60606
Tel.: 312-332-4200
Fax: 312-332-4201
alex@stoltlaw.com
ryan@stoltlaw.com

John S. Burke
Jared M. Schneider
Higgins & Burke, P.C.
2560 Foxfield Road
Suite 200
St. Charles, Illinois 60174
Tel.: 630-762-9081
Fax: 630-762-9084
jburke@higginsandburke.com
jschneider@higginsandburke.com

*Attorneys for Plaintiffs*

      /s/ Steven M. Malina