UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THERESA L. PORTELL, on behalf of the class members described below, <br><br> Plaintiffs, <br><br> v. <br><br> NADIM KHALIL ZAYED a/k/a DEAN ZAYED, BROOKSTONE CAPITAL MANAGEMENT LLC, and KAIZEN ADVISORY, LLC, <br><br> Defendants. | No. 1:18-cv-05414 |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR REMAND**

Plaintiff, THERESA L. PORTELL ("Plaintiff"), by her attorneys, respectfully moves this Court for an Order remanding this action to the Circuit Court for the Eighteenth Judicial Circuit under 15 U.S.C. § 78bb(f)(3)(D). In support of her Motion, Plaintiff states as follows:

The claims for breach of fiduciary duty alleged in the Complaint boil down to negligence. Defendants already possessed and mismanaged Plaintiff's funds. Plaintiff did not plead that Defendants induced any action on her part to buy or sell a security; rather, Defendants were negligent in implementing a complex strategy they were not qualified to employ in order to maximize fees rather than return on Plaintiff's investment. *See* Cmpl. ¶ 109. There is no allegation in the Complaint regarding the purchase or sale of a security. Rather, the whole Complaint is about Defendants' negligence once the investment was already made—and therefore SLUSA doesn't apply.

Defendants try very hard to make this Complaint into something it's not and in doing so fail to supply this Court with any facts upon which it could conclude that a **material factual** representation of any sort underlies the claims. Accordingly, where the Complaint has nothing to

do with the purchase or sale of securities and there is no fact or argument regarding a **material** misrepresentation by Defendants, this Complaint should be remanded to state court where it belongs.

I. **DEFENDANTS FAIL TO SATISFY THEIR ONEROUS BURDEN FOR REMOVAL.**

The party seeking removal has the burden of establishing federal jurisdiction. *See, e.g., Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). "Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum." *Id*. Very few SLUSA preemption cases are evaluated in this context of only evaluating the question of whether removal was proper. The law is very much in favor of remand when a Court is presented with this narrow question.

Any doubt regarding jurisdiction should be resolved in favor of the states, *Jones v. General Tire & Rubber Co.*,541 F.2d 660, 664 (7th Cir. 1976), and the burden of establishing federal jurisdiction falls on the party seeking removal. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921).

Under the "well-pleaded complaint rule," the plaintiff who has both state and federal claims may avoid federal court by limiting his complaint to only state law claims. *Fedor v. Cingular Wireless Corp.*, 355 F.3d 1069, 1071 (7th Cir. 2004). Under this rule, a case is removable only if the complaint affirmatively alleges a federal claim. *Id*. Even the availability of a federal defense to the state law claims does not provide a basis for removal. *Id.; see also Magyery v. Transamerica Fin. Advisors, Inc.*, 315 F. Supp. 2d 954, 956, 2004 U.S. Dist. LEXIS 7602, *4-5 (N.D. Ill. 2004).

In this case, there are no allegations in the Complaint and no facts presented in the Petition for Removal that support a finding that the Complaint alleges "an untrue statement or omission of **a material fact** in connection with the sale or purchase of a covered security." 15 U.S.C. § 77p(b),

78bb(f) (emphasis added). Therefore, SLUSA does not apply and this action must be remanded to state court.

Rather than relying on what is actually pled, Defendants erroneously ask this Court to deny remand based on the "themes" of the Complaint. Resp. pp. 3, 8. This threadbare Petition and Response is insufficient. For purposes of the instant motion, the factual allegations in the Complaint are accepted as true and all reasonable inferences from those facts are drawn in favor of Plaintiff seeking remand. *See, e.g., McKerr v.Bd. of Trade of the City of Chicago, Inc.*, No. 12 C 5008, 2012 WL 3544866, *1 (N.D. Ill. Aug. 15, 2012). Unlike the rulings on motions to dismiss, relied on almost exclusively in Defendants' Response, the only issue here is remand and the burden is on Defendants to present facts supporting jurisdiction—which they failed to do. There is no basis upon which this Court can conclude that these representations of competence or omissions as to conflict of interests were material fact. *See Brechbill v. Home Invest LLC*, 2018 U.S. Dist. LEXIS 156896, *14, 2018 WL 4384297 (N.D. Ill. 2018) (failure to disclose fee not material).

### A. DEFENDANTS DO NOT SUSTAIN THEIR BURDEN OF PROVING THE ALLEGED MISREPRESTATIONS WERE MATERIAL.

Assuming, *arguendo,* the Complaint alleges claims based on misrepresentations, in order to carry their burden on a petition for removal, Defendants must demonstrate the alleged misrepresentations were material. *See, e.g., Bedore v. McCulloch Oil Corp.*, 1980 U.S. Dist LEXIS 10333, *1 (N.D. Ill. 1980). The only misrepresentations in the Complaint relate to alleged omissions of conflicts of interest which enabled Defendants to earn additional fees. *See* Cmplt. ¶ 84. Defendants' statement of opinion alleged in the Complaint (Cmplt. ¶¶ 76) forecasting that their negligently performed plan would be effective are not representations of fact. *Continental Bank, N.A. v. Meyer*, 10 F.3d 1293, 1299 (7th Cir. 1993); *Ziskin v. Thrall Car Mfg. Co.*, 106 Ill. App. 3d 482, 435 N.E.2d 1227, 1231 (Ill. App. Ct. 1982); *Brieger v. Tellabs, Inc.*, 629 F. Supp. 2d 848, 858 (N.D. Ill. 2009) (statements regarding future performance not misrepresentations).

They do not even attempt this in their Petition for Removal or Response. Defendants list many allegations in Plaintiff's Complaint that purportedly state misrepresentations but fail to present any argument or cite to any fact or allegation showing that the supposed representations were material. Furthermore, Defendants fail to show how the statements of opinion of future performance would amount to misrepresentations of fact. Defendants rely on essentially one factual representation as a basis for removal which relates to Defendants' not disclosing conflicts of interest. Pet. pp. 7, 8. Bottom line: this is a Complaint based on Defendants' mismanagement, not fraud or any misrepresentation inducing an action by Plaintiff. There is no allegation of any misstatement of material fact and Defendants don't even attempt to argue there is one pled.

In *Holtz v. JPMorgan Chase Bank, N.A.*, the Seventh Circuit explained:

> "**The Litigation Act does allow state-law claims in which the misrepresentations or omissions are not 'material**,' *see Appert*, 673 F.3d at 616-17, but Holtz has not argued that the Bank's incentives to its employees were too small to be 'material' under the standard of *Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 131 S. Ct. 1309, 179 L. Ed. 2d 398 (2011), and its predecessors. An omission is 'material' when a reasonable investor would deem it significant to an investment decision."

846 F.3d 928, 934 (7th Cir. 2017) (emphasis added).

Here, the alleged factual misrepresentation relates to disclosure of conflicts of interest which enabled Defendants to earn fees in two separate ways. Cmplt. ¶ 84. There are no facts presented anywhere in the Complaint, Petition for Removal, or Response to this Motion which disclose that the alleged conflicts of interests would have changed anything where Defendants were already holding the invested funds, made the trades without express authority (thus had no need to induce any action), and disclosed the fees charged. *See* Cmplt. ¶¶ 110, 122, 132. There is no basis upon which this Court could conclude the additional management fees received by Defendants as a result of the undisclosed conflict of interest was material—especially where there is no allegation that the management fees were not disclosed. *See Brechbill v. Home Invest LLC*,

2018 U.S. Dist. LEXIS 156896, *14, 2018 WL 4384297 (N.D. Ill. 2018); *Spielman v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 2001 U.S. Dist. LEXIS 15943, 2001 WL 1182927 (S.D.N.Y. Oct. 9, 2001); Cmplt. ¶ 84.

Defendants do not argue the failure to disclose the conflict of interest was material. A fact is material if there is a substantial likelihood that a reasonable shareholder would consider it important in deciding whether to buy or sell a security. *See Longman v. Food Lion, Inc.*, 197 F.3d 675, 683 (4th Cir. 1999) (*citing Basic Inc. v. Levinson*, 485 U.S. 224 (1988)). The "reasonable investor" standard ensures that investors have access to information important to their investment decisions; the Supreme Court has been "careful not to set too low a standard of materiality, for fear that management would bury the shareholders in an avalanche of trivial information." *Matrixx Initiatives, Inc. v. Siracusano,* 131 S. Ct. 1309, 1318-19 (2011) ("[M]ateriality requirement is satisfied when there is 'a substantial likelihood that the disclosure of the omitted fact would have been viewed by the reasonable investor as having significantly altered the "total mix" of information made available'"); *see also S.E.C. v. Jakubowski*, 150 F.3d 675, 681 (7th Cir. 1998) ("[M]ateriality . . . covers whatever is important enough to reasonable participants in an investment decision to alter their behavior."). Defendants supply no facts or arguments upon which this Court could conclude any of the alleged misrepresentations were material by this standard. *See Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 616 (N.D. Ill. 2012).

Where Defendants make no argument of materiality and no **material** misstatements of **fact** can be found on the face of the Complaint, this Court does not need to try and find it for them. *United States v. Dunkel*, 927 F.2d 955, 955 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs"). Accordingly, remand is necessary at this time and this claim, between DuPage County residents, should return to where it belongs: the Eighteenth Judicial Circuit.

5

### B. FEES SHOULD BE AWARDED PURSUANT TO SECTION 1447(C).

Although the question of SLUSA preemption is fairly complex, a simple reading of the statute (and the multitude of cases interpreting it) by Defendants should have led them to realize the futility of removal where there is no purchase or sale of securities involved in the claim and Defendants didn't even attempt to show materiality of the one misrepresentation alleged. Fees should be awarded here pursuant to 28 U.S.C. § 1447, which provides, in pertinent part, that "[a]n order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). In *Martin v. Franklin Capital Corp.*, the Court held that, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." 546 U.S. 132, 141 (2005)*; see also Wolf v. Kennelly*, 574 F.3d 406, 410-11 (7th Cir. 2009). In the Seventh Circuit, objective unreasonableness of removal is established only where a removal violates Seventh Circuit law as pronounced by the decisions of the Seventh Circuit Court of Appeals and the United States Supreme Court. *See Lott v. Pfizer, Inc.*, 492 F.3d 789, 793-94 (7th Cir. 2007). In this instance, the removal of this case does in fact violate established law where defendants fail to even attempt to show a basis for removal, arguing that the Complaint alleged "an untrue statement or omission of a material fact in connection with the sale or purchase of a covered security" without an iota of support for how the one misstatement of fact alleged was material.

For the reasons discussed above, Plaintiffs respectfully request that the Court remand this action to state court.

Dated: October 2, 2018

Respectfully Submitted,

/s/*Alexander N. Loftus*
One of Plaintiff's Attorneys

Alexander Loftus, Esq. (ARDC #6303484)
Ryan Moore, Esq. (ARDC # 6317460)
STOLTMANN LAW OFFICES, P.C.
233 S. Wacker, 84th Floor
Chicago, Illinois 60603
T: 312.332.4200
C: 312.772.5396
alex@stoltlaw.com
ryan@stoltlaw.com

**PROOF OF SERVICE**

I, Alexander N. Loftus, certify that I caused a copy of the foregoing **MEMORANDUM IN SUPPORT OF MOTION TO REMAND** was served upon counsel-of-record listed below via email before 5:00 P.M. on October 2, 2018:

Steven Marc Malina, Esq.
Symone Danielle Shinton, Esq.
Todd Edward Pentecost, Esq.
GREENBERG TRAURIG, LLP
77 W. Wacker Drive, Suite 3100
Chicago, Illinois 60601
malinas@gtlaw.com
shintons@gtlaw.com
pentecostt@gtlaw.com

Thomas P. Cimino , Jr., Esq.
Joshua David Nichols, Esq.
Junaid A Zubairi, Esq.
Rebecca Lynn Dandy, Esq.
VEDDER PRICE P.C.
222 North LaSalle Street, Suite 2600
Chicago, Illinois 60601
tcimino@vedderprice.com
jnichols@vedderprice.com
jzubairi@vedderprice.com
rdandy@vedderprice.com

By: /s/*Alexander Loftus*